Chavdar ANGELOV; Kids Fight
Cancer, Plaintiffs–
Appellants,

v.

WILSHIRE BANCORP, INC.; Wilshire
State Bank, Defendants–Appellees.

No. 08–55061.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2009.

Filed May 26, 2009.

Jeffrey M. Forster, Forster & Segal,
San Jose, CA, Sylvia J. Rolinski, Esq.,
Rolinski & Suarez, LLC, Potomac, MD,
Philip M. Musolino, Esq., Musolino & Des-
sel, Washington, DC, for Plaintiffs–Appel-
lants.

Larry R. Schmadeka, Esq., Lee, Hong,
Degerman, Kang & Schmadeka, Los Ange-
les, CA, for Defendants–Appellees.

Before: PREGERSON and
THOMPSON, Circuit Judges, and
FOGEL,* District Judge.

MEMORANDUM **

Plaintiff–Appellants Chavdar Angelov
and KIDS Fight Cancer (collectively, "An-

* The Honorable Jeremy D. Fogel, United States
District Judge for the Northern District of
California, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

gelov") appeal from the district court's order granting without leave to amend the motions to dismiss Wilshire Bancorp Inc. ("Wilshire Bancorp") and Wilshire State Bank ("the Bank"). The parties are familiar with the facts; we need not recount them here.

The claims against Wilshire Bancorp were properly dismissed, because Angelov failed to allege facts tending to show that Wilshire Bancorp is liable for the acts of its subsidiary, the Bank. To establish liability under an agency theory, Angelov must allege that Wilshire Bancorp "*so controls the* [Bank] as to cause the [Bank] to become *merely* the agent or instrumentality of [Wilshire Bancorp.]" *Laird v. Capital Cities/ABC, Inc.*, 68 Cal.App.4th 727, 741, 80 Cal.Rptr.2d 454 (Cal.Ct.App.1998) (citing *Linskey v. Heidelberg Eastern, Inc.*, 470 F.Supp. 1181, 1184 (E.D.N.Y. 1979) (italics added by *Laird* court)).

Alternatively, to establish liability under an alter ego theory, Angelov must allege that 1) there is "such a unity of interest and ownership between the two corporations that their separate personalities no longer exist," and 2) "an inequitable result would follow if [Wilshire Bancorp] were not held liable." *Laird*, 68 Cal. App.4th at 742, 80 Cal.Rptr.2d 454. The complaint lacks the facts necessary to establish liability under either theory.

While the claims against Wilshire Bancorp were properly dismissed, the district court erred in dismissing them without leave to amend. "Dismissal without leave to amend is proper only in 'extraordinary' cases." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.2003) (citing *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981)). Where it appears that a complaint may be saved by the allegation of additional facts, the complaint should not be dismissed without leave to amend. *See, e.g.,* Fed.R.Civ.P. 15 (instructing that leave to amend should be "freely given"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) ("[A] district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts."). We affirm the dismissal of the claims against Wilshire Bancorp, but reverse and remand to the district court to permit Angelov to amend.

The breach of contract, breach of fiduciary duty, and aiding and abetting claims against the Bank also were properly dismissed, because Angelov failed to plead facts sufficient to state a claim for relief for each of these causes of action under California law. As discussed above, however, the district court erred in dismissing the claims without leave to amend. Thus, we affirm the dismissal of these claims, but reverse and remand to the district court to permit Angelov to amend.

The negligence, conversion, and accounting claims were pled properly and should not have been dismissed. We reverse and remand to the district court to allow the parties to proceed with discovery on these claims.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Each party shall bear its own costs on appeal. Judge Pregerson would award costs to the Plaintiffs–Appellants.